IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHIRE LABORATORIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. Nos. 03-1164-GMS |
| ) | 05-20-GMS |
| IMPAX LABORATORIES, INC., ) | |
| ) | |
| Defendants ) | |
| ) | |

**CONSOLIDATION, STIPULATION AND SCHEDULING ORDER**

This _____ day of May, 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on April 11, 2005, the Court having conducted additional telephone conferences on April 29, 2005 and May 4, 2005 and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Consolidation.** The case styled, *Shire Laboratories, Inc. v. Impax Laboratories, Inc.*, C.A. No. 03-1164 ("Shire I") and the present case, styled *Shire Laboratories, Inc. v. Impax Laboratories, Inc.*, C.A. No. 05-20 ("Shire II") shall be consolidated for purposes of pre-trial matters and trial. All future pleadings or papers in this matter shall be filed under Civil Action No. 03-1164, whether they arise from Shire I or Shire II. This Scheduling Order shall govern all outstanding deadlines in Shire I and Shire II.

2. **Stipulation.** Shire stipulates that based on the Court's February 9, 2005 claim construction (D.I. 119) and discovery provided by Impax in Shire I regarding its 30 mg product, Shire is unable to assert literal infringement of U.S. Patent Nos. 6,322,819 and 6,605,300 against

RLF1-2875959-1

Impax's 30 mg ANDA product. Shire does assert that Impax's 30 mg ANDA product infringes claims of both patents under the doctrine of equivalents. Shire specifically reserves its rights to assert literal infringement against the 30 mg product should there be any change to this Court's present claim construction, through appeal or otherwise. Discovery is ongoing with respect to Impax's other strength products.

3. **Rule 26(a) Initial Disclosures**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) in Shire II on or before May 20, 2005.

4. **Joinder of other Parties and Amendment of Pleadings**. The parties do not contemplate any further amendments to the pleadings in Shire I or Shire II.

5. **Reliance Upon Advice of Counsel**. Defendant does not intend to rely upon advice of counsel as a defense to willful infringement.

6. ***Markman* Claim Construction Hearing**. The Court has already conducted a *Markman* hearing in Shire I. If the parties should find there are additional terms to be construed in Shire II, they shall notify the Court at the Status Conference scheduled for August 29, 2005 at 9:30 a.m.

7. **Discovery**. Expert discovery in Shire I shall be initiated so that it will be completed on or before May 31, 2005, except for the deposition of Shire's expert Dr. Banakar which will take place at a later and mutually agreeable date. All fact discovery in Shire II shall be initiated so that it will be completed on or before August 1, 2005. Initial expert reports in Shire II for the party bearing the burden on an issue shall be exchanged on August 19, 2005. Rebuttal expert reports will be exchanged on August 29, 2005. Expert Discovery in Shire II shall be initiated so that it will be completed on or before October 3, 2005.

a.  <u>Discovery Disputes</u>.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the court a letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the court find further briefing necessary upon conclusion of the telephone conference, the court shall order the party seeking relief to file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

8.  **Confidential Information and Papers filed under Seal**. The Protective Order entered by the Court on June 10, 2004 in Shire I shall equally apply to Shire I and Shire II.

9.  **Settlement Conference**. Pursuant to 28 U.S.C. §636, Shire II is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

10. **Summary Judgment Motions**. The Court has determined that it will permit Impax to file a Motion for Summary Judgment on (i) non-infringement of U.S. Patent Nos. 6,322,819 and 6,605,300 and (ii) no willful infringement. The motion may address the 5, 10, 15, 20, 25 and 30 mg dosage strengths of Impax's proposed ANDA products. Impax will file its opening brief and any affidavits on September 12, 2005. Shire will file its answering brief and any affidavits on October 4, 2005. Impax will file its reply brief on October 18, 2005. The

parties are not permitted to submit any additional summary judgment motions or assert any additional grounds for summary judgment without the Court's permission. Should any party wish to request permission to file any additional motions for summary judgment, other than those enumerated above, that party should make the request to the Court at the Status Conference scheduled for August 29, 2005 at 9:30 a.m. and if the Court grants such a request, the schedule for filing briefs will be discussed at that time.

11. **Applications by Motion**. Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

13. *Daubert* **Conference**. Any *Daubert* issues shall be included with the motions *in limine* discussed in paragraph 15.

14. **Status Conference**. The Court will hold a telephone conference on August 29, 2005 to discuss the status of Shire II.

15. **Pretrial Conference**. On February 9, 2006, the Court will hold a Pretrial Conference in Chambers with counsel beginning at 10:00 a.m. for both Shire I and Shire II. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to

include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. Motions *in limine*: No party shall file more than ten (10) motions *in limine*. Briefs (**opening, answering and reply**) on all motions *in limine* shall be filed by January 19, 2006. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before January 19, 2006.

16. **Trial.** This matter is scheduled for a 7 day bench trial beginning at 9:00 a.m. on February 23, 2006.

17. **Scheduling.** The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

_____
UNITED STATES DISTRICT JUDGE